﻿Citation Nr: AXXXXXXXX
Decision Date: 06/30/20 Archive Date: 06/30/20

DOCKET NO. 190814-26366
DATE: June 30, 2020

ORDER

The Veteran’s debt in the amount of $6,286.13, incurred as a result of an overpayment of VA compensation benefits is valid, but a waiver of recovery of an overpayment of that debt is granted.

FINDING OF FACT

The overpayment of VA compensation benefits in the amount of $6, 286.13 was not due to fraud, misrepresentation, or bad faith on the part of the Veteran and recovery of the overpayment would cause the Veteran undue financial hardship.

CONCLUSION OF LAW

Recovery of the overpayment of benefits would be contrary to the principles of equity and good conscience. 38 U.S.C. § 5302 (2012); 38 C.F.R. §§ 1.962, 1.963, 1.965 (2019).

REASONS AND BASES FOR FINDING AND CONCLUSION

The decision on appeal was issued in July 2019 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. In the August 2019 VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) (NOD), the appellant elected the Evidence Submission option; therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the appellant or his or her representative with the NOD or within 90 days of receipt of the NOD. 38 C.F.R. § 20.303.

Overpayment

In a December 2018 letter, the Veteran was informed that his compensation could be adjusted due to overpayment and that he had 60 days to file a VA Form 21-8951 to dispute the action. The Veteran failed to file the form. In a July 2019 decision, the VA Debt Management Center (DMC) found that the Veteran had been overpaid in the amount of $6,383.13. The overpayment occurred because he received drill pay and VA disability pay simultaneously, while on drill duty from December 1, 2016, to February 27, 2017. 

The Veteran filed a NOD in August 2019 appealing this decision. The Veteran stated that he was incorrectly told by his VA representative that only his orders were required to stop VA benefits and his orders would be faxed. However, when the Veteran called VA, he was told that he needed to mail the proper form. In a later statement, the Veteran expressed the difficulties he experienced with ensuring the proper forms were filled out and sent to the correct departments. He also noted the difficulty in ensuring forms were timely sent as he often had less than 30 days before he was mobilized for duty. The Veteran further stated that paying the remaining debt over 12 months, with monthly payments of $532.18, would create an undue hardship.

Any indebtedness of a payee can be waived only when the following factors are determined to exist: 1) there is no indication of fraud, misrepresentation, or bad faith on the part of the person or persons having an interest in obtaining the waiver 38 U.S.C. § 5302(c); 38 C.F.R. §§ 1.963(a), 1.965(b); and, 2) collection of such indebtedness would be against equity and good conscience. 38 U.S.C. § 5302 (c); 38 C.F.R. § 1.963 (a).

The controlling legal criteria provide that the standard of “equity and good conscience” will be applied when the facts and circumstances in a particular case indicate the need for reasonableness and moderation in the exercise of the Government’s rights. 38 C.F.R. § 1.965(a). The decision reached should not be unduly favorable or adverse to either side. The phrase equity and good conscience means arriving at a fair decision between the obligor and the U.S. Government.

In making this determination, consideration will be given to the following elements, which are not intended to be all inclusive: (1) fault of debtor, where actions of the debtor contribute to the creation of the debt; (2) balancing of faults, weighing the fault of the debtor against the VA’s fault; (3) undue hardship, whether collection would deprive the debtor or his or her family of basic necessities; (4) defeat the purpose, whether withholding of benefits or recovery would nullify the objective for which benefits were intended; (5) unjust enrichment, failure to make restitution would result in an unfair gain to the debtor; (6) changing position to one’s detriment, reliance on VA benefits results in relinquishment of a valuable right or incurrence of a legal obligation. 38 U.S.C. § 5302(c); 38 C.F.R. § 1.965(a).

Upon review of the evidence, the Board finds that the overpayment was not the result of fraud, misrepresentation, or bad faith on the part of the Veteran. 38 U.S.C. § 5302(c); 38 C.F.R. §§ 1.963(a), 1.965(b). The Board acknowledges that the Veteran failed to inform VA about his drill duties from December 2016 to December 2017. Nevertheless, the evidence fails to show that this failure was due to fraud, misrepresentation, or bad faith. 

Additionally, in an August 2019 letter the Veteran described the difficulty he faced in informing the VA when a Reservist was called to active duty. He noted that the Reservist often received notice less than 30 days before mobilization, which provides a short window to inform the VA. Furthermore, mailed forms, even with tracking, can be lost or separated in the mail. The Veteran also noted that he had been called to active duty multiple times, which resulted in what he called a continuous starting and stopping of compensation. He likewise noted the difficulty he experienced in contacting VA service representatives and that he was given incorrect information. 

Consequently, as the evidence does not establish fraud, misrepresentation, or bad faith on the part of the Veteran, the Board will next determine if a waiver of recovery of the VA indebtedness is warranted on the basis of equity and good conscience. The evidence of record indicates that the collection of the debt would result in undue hardship to the Veteran. Specifically, in an August 2019 statement the Veteran stated that having to pay the debt would create an undue hardship and attached a Financial Status Report documenting his income. He was employed as a teacher and has approximately $50,000 of student loan debt and credit card debt, and was contributing towards his daughter’s college expenses. Per the financial report, paying an extra $532.18 per month on top of his other expenses would result in an undue hardship. Therefore, based on those factors, the Board finds that to collect the debt would be against equity and good conscience because it would cause undue hardship to the Veteran. 38 C.F.R. § 1.965.

Equity and good conscience are in favor of waiving recovery of the Veteran’s debt. After applying the relevant factors to the evidence of record, the Board finds that recovery of the overpayment violates the principles of equity and good conscience, and waiver of recovery is granted.

 

 

D. Martz Ames

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board R. Brunot, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.